PER CURIAM:
The claimants brought this action seeking compensation for personal injury to claimant Christine Fisher and for property damage to her vehicle which occurred after the she and her son, claimant Landon Fisher, encountered a slip on a road in Monongalia County under the control of the respondent. Claimant Landon Fisher did not suffer any compensable personal injuries and no award to him will be considered by the Court.
The incident giving rise to this claim occurred on June 14, 1996, at approximately 11:00 p.m. when claimant Christine Fisher was driving a Toyota pick-up truck with her son, Landon Fisher, 14 years of age, on County Route 43/3, (John Fox Road). County Route 43/3 is a narrow stone-based road, approximately 1.79 miles long. The lower portion of this road is low priority *130 in terms of maintenance. There are three homes and a trailer in this area. The last half mile of the road, where the claimants’ accident occurred, is unimproved, with no regular maintenance.
The evidence adduced at hearing established that as the claimants proceeded up and over an incline, they encountered an area where a large portion of the road had washed out. The claimants submitted into evidence a number of photographs taken before the accident depicting a steep wash-out along an embankment. The claimants testified that their vehicle dropped off the road and rolled down the embankment, flipping approximately three times before coming to rest right-side up. The vehicle was declared a total loss. Ms. Fisher was treated and released from Ruby Memorial Hospital. Ms. Fisher testified that she suffered pain in her back and neck and also experienced memory loss, and that she missed three days of work as a result. She had a $250.00 insurance deductible on her vehicle. Her medical bills were paid by her insurance.
It was the respondent’s position that it had no prior notice of the slip and that because this part of the road was classified as unimproved, that it should not be held liable. The Court finds this position untenable. The evidence at hearing established that the respondent knew or should have known of this particular slip. The claimants produced testimony from a neighbor who had complained to the respondent about the dangerous condition of the road several months before the date of the accident. A letter was sent to the respondent on June 7, 1996, also requesting that the road be repaired. The respondent placed great emphasis on the condition of the vehicle, and questioned who was driving. The Court finds these issues to be entirely irrelevant. The road was in obvious disrepair and should have been either maintained in a safe and proper condition or closed.
While the respondent is neither an insurer nor a guarantor of the safety of motorists upon its roads, it has a duty to take reasonable steps to ensure their safety. The respondent had reason to know of this defect and had ample opportunity to take corrective action. The claimant’s evidence established that Ms. Fisher missed three days of work because of this accident and that her lost wages were approximately $480.00. She also incurred a $30.25 towing bill, as well as her $250.00 deductible, for a total sum of $760.25. The Court is also of the opinion that claimant Christine Fisher is entitled to compensation in the amount of $1,000.00 for her pain and suffering as a result of her injuries. Therefore, the Court makes an award in the amount of $1,760.25 to Christine Fisher, claimant herein.
Award of $1,760.25 to Christine Fisher.